**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES E. STATEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-570-GPM** |
| | ) | |
| **MAYOR OFFICER and EAST ST. LOUIS** | ) | |
| **POLICE DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

On August 8, 2007, Plaintiff James E. Staten filed suit in this Court against Mayor Officer and the East St. Louis Police Department. With his complaint (Doc. 1), Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2), a motion to appoint counsel (Doc. 3), and a motion for service of process at Government expense (Doc. 4).

By granting a motion for pauper status, a federal court authorizes a lawsuit to proceed without prepayment of fees. Title 28 U.S.C. § 1915(e)(2) requires federal courts to carefully screen the complaints filed by pauper status movants. Pursuant to § 1915(e)(2), this Court must dismiss any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id*.

In reviewing Plaintiff's complaint, this Court bears in mind that it must construe *pro se* complaints liberally. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The Court accepts any

factual allegations in the complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Jogi v. Voges,* 425 F.3d 367, 371 (7th Cir. 2005).  Even viewing Plaintiff's allegations in this favorable light, the instant action fails to pass muster under § 1915(e)(2) because it fails to state a claim upon which relief may be granted by this Court.

Liberally construing the complaint and attachments, it appears that Plaintiff was confined at the Alton Mental Health facility pursuant to an order issued by a state court finding that Plaintiff was a person subject to involuntary administration of psychotropic medication.  Plaintiff claims that the state court "violated everything."  Plaintiff does not indicate what relief, if any, he would like this Court to grant him.  The balance of the complaint is comprised of citations to Bible verses and general allegations of racism.   Plaintiff's complaint does not include any specific  allegations against Defendants Officer or the East St. Louis Police Department.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, pursuant to § 1915(e)(2), Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and this action is **DISMISSED with prejudice**.  Plaintiff's motions to appoint counsel (Doc. 3) and for service of process at Government expense (Doc. 4) are **DENIED**.  This case is now closed, and judgment will be entered accordingly.

**IT IS SO ORDERED.**

DATED:  10/16/07

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge